UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WAYNE DEVONE WILLIAMS, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Action No. <br><br> 3:21 - cv - 1028 (CSH) <br><br><br> AUGUST 5, 2021 |

## ORDER OF TRANSFER

**HAIGHT, Senior District Judge:**

### I.

On July 16, 2021, *pro se* petitioner Wayne Devone Williams, Jr. initiated this action by filing an application for writ of habeas corpus in the Eastern District of North Carolina, Western Division. *See United States v. Williams*, 5:21-HC-02155-FL (E.D.N.C.), Doc. 1. At the time of filing, Williams was, and remains at present, a federal inmate, incarcerated at the Federal Correctional Institution ("F.C.I.") Danbury in Danbury, Connecticut, serving a 102-month sentence imposed by District Judge James C. Dever, III, of the Eastern District of North Carolina. The charges giving rise to that conviction were conspiracy to distribute and possess ,with intent to distribute, controlled substances (cocaine, fentanyl, and heroin) under 21 U.S.C. §§ 846 and 841(b)(1)(A). *See United States v. Williams*, 5:17-cr-00388-D-1 (E.D.N.C.), Doc. 75 ("Judgment," dated 7/25/2019). According to Williams, he accepted a plea deal with the advice of his counsel, William Woodward Webb, Jr.

Included in District Judge Dever's judgment was a recommendation that Williams receive "intensive substance abuse treatment." *Id.* at 2.

In his Petition, Williams requests "relief from a two-part enhancement" which rendered him "ineligible" for the sentence-reducing provisions under 18 U.S.C. "[§] 3621(e) drug rehabilitation or 'RDAP.'"[1] Petition, at 1.  Section 3621 provides, in relevant part: "The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a [drug rehabilitation] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B) (emphasis added).

Williams asserts that his attorney, William Woodward Webb, Jr., whom Petitioner dubs "Woody Webb," recommended that he take a plea deal that included drug rehabilitation, telling him, "yes[,] you will be able to receive the help you need in the drug program." Petition, at 1. Williams noticed, however, that the plea deal also included an "enhancement for a gun" charge. *Id.* He thus initially "would not take the plea" because he had no gun or weapon and had "never had a violent charge or a gun charge." *Id.* Williams alleges that Webb then "lied" to him by instructing him that there was no gun charge and, in any event, such a charge would have "no effect" on him. *Id.* Williams voiced concerns to Webb that accepting a plea with a gun charge would "hinder [him] from

---

[1] The Court takes judicial notice that "RDAP" is the acronym for the "Residential Drug Abuse Program," "a voluntary, 500-hour, nine- to twelve-month program of individual and group therapy for federal prisoners with substance abuse problems." *See* https://famm.org/wp-content/uploads/FAQ-Residential-Drug-Abuse-Program-5.3.pdf.  The program is "authorized by 18 U.S.C. § 3621, which directs the Bureau of Prisons (BOP) to provide 'residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners.' As an incentive to get prisoners to participate, federal law allows the BOP to reduce the sentences of RDAP graduates convicted of 'nonviolent' offenses by up to one year." *Id.*

receiving time off from [the] Drug Program" under § 3621, because a "gun charge" might result in his conviction being characterized as a "violent" offense; but Webb assured him that no such problem would occur. *Id.*

Four years later, in 2021, Williams has completed participation in the RDAP drug rehabilitation program, having "excel[led] to the top of [his ] graduating class," and is "schedule[d] to graduate [on] September 7, 2021." *Id.* at 1-2. Despite his successful completion of the program, Williams is not eligible to have his sentence reduced by up to one year because of the enhancement due to the "gun charge." *Id.* at 2. This means that Williams has "8-12 months left" in his sentence, time during which he will be unable to "start life fresh with [his] family," including his wife and three-year-old daughter. *Id.* Moreover, due to the pandemic, Williams was transferred from the Fort Dix, New Jersey, Correctional Institution to F.C. I. Danbury, which means he has not seen his wife and daughter for two years. *Id.* at 3.

As a result of this predicament, Williams brings the present Petition, requesting the Court to issue a writ of habeas corpus. Characterizing the Petition as one brought "pursuant to 28 U.S.C. § 2241," Judge Louise W. Flanagan of the Eastern District of North Carolina transferred the case to this Court. Case No. 5:21-HC-2155-FL (E.D.N.C. 2021), Doc. 2 ("Order" of transfer). She noted that the "Petitioner was incarcerated  at the Federal Correctional Institution Danbury in Danbury, Connecticut at the time he filed his petition" and the "[p]roper venue for filing a claim under 28 U.S.C. § 2241 is the district where [the federal inmate is] confined." *Id.* at 1 (citing *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000)) .

## II.

With regard to Judge Flanagan's assessment that Petitioner's motion falls under 28 U.S.C. § 2241, it is important to note that a person in federal custody may petition for a writ of habeas corpus under § 2241 or § 2255, depending on the nature of the challenge. A § 2241 motion "generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.2001) (emphasis added) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir.1997) (describing situations where a federal prisoner would properly file a section 2241 petition)).

In contrast, a motion under 28 U.S.C. § 2255 is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." *Jiminian*, 245 F.3d at 146–47. Accordingly, "as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241." *Cooper v. F.C.I. Danbury*, No. 3:06CV103 (AWT), 2006 WL 496012, at *1 (D. Conn. Mar. 1, 2006) (citation omitted). *See also Joseph v. United States*, No. 3:10 CV 998 (EBB), 2010 WL 3952794, at *1 (D. Conn. Oct. 7, 2010) (same).

Section 2255 "encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *Jiminian*, 245 F.3d at 147 (quoting 28 U.S.C. § 2255(a)). Furthermore, by the statute's language, a prisoner in custody who files such a petition "claiming the right to be

released . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C.A. § 2255 (a) (emphasis added).

In sum, a challenge to the *execution* of a sentence is properly filed pursuant to 28 U.S.C. § 2241; a challenge to the *legality* of a sentence must be brought pursuant to 28 U.S.C. § 2255. *Chambers*, 106 F.3d at 474-75 (citations omitted). *See also Adams v. United States*, 372 F.3d 132, 134–35 (2d Cir. 2004) ("We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence. Section 2241 by contrast is the proper means to challenge the *execution* of a sentence.") (emphasis in original) (citation omitted). A motion under § 2255 must be brought in the sentencing court, "a court already familiar with the facts of the case." *Boumediene v. Bush*, 553 U.S. 723, 775 (2008). Accordingly, collateral attacks on a federal sentence, relating to its legality, are to "be brought in the sentencing court rather than the district where the prisoner is confined." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973). In fact, "[a] district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court 'unless it ... appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] . . . detention.'" *Rigler v. Keller*, No. 96-CV-0588(RSP)(DRH), 1997 WL 17654, at *1 (N.D.N.Y. Jan. 14, 1997) (Pooler, *J.*) (quoting *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir.1986)).[2]

---

[2] "A federal prisoner may challenge the validity of his conviction under § 2241 if he establishes that § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Franklin v. Hudson*, 579 F. App'x 50, 51 (2d Cir. 2014) (quoting 28 U.S.C. § 2255(e)). "The Second Circuit has interpreted the savings clause of Section 2255(e) 'to authorize a § 2241 petition only when § 2255 is unavailable *and* the petition is filed by an individual who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim of innocence at an earlier time, perhaps due to an intervening change in the governing interpretation of the statute of conviction.'" *Ultsch v. United States*, No. 19 CV 10703 (VB), 2020 WL 7028909, at *3 (S.D.N.Y. Nov. 30, 2020) (emphasis in original) (quoting *Dhinsa v. Krueger,* 917 F.3d 70, 81 (2d Cir. 2019)).

In the case at bar, the sentencing court was Judge Dever of the Eastern District of North Carolina, Western Division.  Williams asserts that the sentence imposed was defective due to ineffective assistance of his counsel, Webb.  Specifically, Williams alleges that he erroneously accepted a disadvantageous plea deal due to Webb's false statements regarding whether the deal contained an enhancement for a gun charge.  In light of that sentence, Williams cannot receive a reduction under § 3621(e) for his successful participation in the RDAP program.[3]

In these circumstances, Williams challenges the legality of his plea and resulting sentence. Accordingly, his motion should be deemed a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 in the court in which he was sentenced in North Carolina. *See, e.g., Davender v. United States*, No. 3:11CV568 AWT, 2012 WL 6649588, at *2 (D. Conn. Dec. 19, 2012) (*"*Because the present petition challenges the legality of the petitioner's sentence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the court in which the petitioner was sentenced."); *Cooper,* 2006 WL 496012, at *1 ("In her section

---

Also, where a petitioner has previously filed a § 2255 motion and seeks to file another, "[d]istrict courts lack jurisdiction to consider second or successive § 2255 motions unless the movant has obtained authorization from the appropriate court of appeals." *Franklin,* 579 F. App'x at 51 (citing *Carmona v. United States*, 390 F.3d 200, 201-02 (2d Cir.2004)). *See also* 28 U.S.C.A. § 2255 (h) (delineating contents necessary for certification of "[a] second or successive motion . . . . by a panel of the appropriate court of appeals").

On the present record, there is no indication Williams filed a previous § 2255 petition; nor does Williams argue that any particular exception applies to the requirement that he file under § 2255.

[3]  Even though prison officials may have issued the decision not to deduct time from his sentence, Williams makes no argument that any calculation or refusal by these officials has been erroneous. Rather, he objects to the inclusion of a "violent" gun-related enhancement in his sentence that makes him ineligible for a § 3621(e) reduction as an RDAP graduate. Therefore, instead of challenging the execution of his sentence by prison officials, he asserts that the content of the sentence itself is not legal.

2241 petition, Cooper challenges the length of her sentence, a claim properly raised in a section 2255 motion, and, hence, with the sentencing court in Texas.").

Section 2255 "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." *Rogers v. Deboo*, No. 3:04CV619(CFD), 2004 WL 1497541, at *1 (D. Conn. June 24, 2004) (citation omitted).[4]  Ineffective assistance of counsel is such a collateral attack. An involuntary plea gives rise to an unlawfully imposed sentence. *See, e.g., Mendez v. United States*, No. 3:01CR162 (SRU), 2010 WL 909076, at *1 (D. Conn. Mar. 8, 2010) (In a motion pursuant to 28 U.S.C. § 2255, filed with the sentencing court, petitioner Mendez "alleges that he received ineffective assistance of counsel and, as a result, his guilty plea was entered unknowingly and involuntarily."). *See also Joseph*, 2010 WL 3952794, at *1 ("As a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to § 2255 rather than a petition filed pursuant to § 2241.").

Petitioner Williams, as a *pro se* litigant, failed to name the statute under which he seeks habeas relief, the reduction of his prison sentence and ultimate release.  However, the substance of his motion dictates that it is properly brought under § 2255, as opposed to § 2241.  Williams bases his motion on a claim of ineffective assistance of counsel, a collateral attack on the legality of his sentence, as opposed to that sentence's execution (*e.g.*, prison disciplinary actions, transfers, types of detention, and/or conditions). *Jiminian*, 245 F.3d at 146.  Resolution of his Petition in the District of the sentencing court, which may require testimony of North Carolina counsel, will be addressed

---

[4] The sentencing court is familiar with the components and factors considered in rendering the sentence.  Moreover,  necessary witnesses for the habeas proceeding are likely to be present in the sentencing district.

properly and more efficiently than it would be in the district of his detention.

### III.

In sum, a challenge to the *legality* of a sentence must be brought pursuant to 28 U.S.C. § 2255. *Chambers*, 106 F.3d at 474-75 (citations omitted). Collateral attacks on a federal sentence must thus be brought in the sentencing court rather than the district where the prisoner is confined. *Braden*, 410 U.S. at 497.

The substance of Williams' Petition indicates that he wishes to collaterally attack the sentence of the Eastern District of North Carolina, Western Division. Because his habeas request should be brought pursuant to 28 U.S.C. § 2255, the sentencing court is the proper venue and the District of Connecticut (in this case, district of confinement) lacks jurisdiction to resolve it. "Where habeas claims are raised in the wrong judicial district, a court may dismiss or transfer such claims" pursuant to 28 U.S.C. § 1406(a). *White v. Wiley*, No. 9:99–CV–1147 DNH GLS, 2001 WL 1860962, at *3 (N.D.N.Y. Feb. 15, 2001). *See also* 28 U.S.C. § 1406(a) (directing a district court to dismiss, "or if it be in the interest of justice, transfer" a case filed in the "wrong" district to "any district . . . in which it could have been brought").

Because this Court lacks jurisdiction over Williams' Petition, I am constrained to hereby respectfully transfer the case back to the sentencing court, the Eastern District of North Carolina, Western Division, for action it deems appropriate. *See, e.g., Rogers*, 2004 WL 1497541, at *2 (transferring § 2255 petition to U.S. District Court for the Western District of Missouri, Southern Division, the district where petitioner "Rogers was convicted"); *Rigler*, 1997 WL 17654, at *1 (denying appeal of Magistrate Judge's order transferring § 2255 motion to District where sentencing

occurred).  The Clerk of the Court is directed to proceed accordingly.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       August 5, 2021

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge